OPINION OF THE COURT
Robert F. Doran, J.
There are two CPLR article 78 proceedings before the undersigned. Both have the same title. The court will distinguish the two matters by designating the second petition the supplemental petition.
The first petition is an order to show cause why respondents should not be committed to Greene County Jail, pursuant to Public Officers Law § 80, until they turn over the books, records, accounts and funds of the Cairo Public Library to the library treasurer and for other relief.
The supplemental petition seeks to hold respondents in contempt for their alleged unlawful disobedience to certain subpoenas served on them and to be assessed damages resulting to petitioner.
At issue between the parties is the control of the Cairo Public Library, both its operation and its funds.
A provisional charter was granted to the Cairo Public Library by the New York State Board of Regents on September 27, 1963. The charter was extended on September 27, 1968 and was made absolute on December 14, 1973. Under the provisional charter, the library was to be administered by a board of five trustees.
The library trustees were to be, at first, the persons who were named as incorporators. Their terms were to be selected by lot, and the term of one trustee was to expire on December 31, 1964. In each succeeding year through 1968, an additional trustee’s term was to expire. As the terms expired, successors were to be appointed by the Town Board of the Town of Cairo for a full term of five years. However, any vacancies due to a cause other than expiration of the term were to be filled for the balance of the unexpired term by the board of trustees. The final approval in 1973 granting the absolute charter carried forward and continued the conditions of the provisional charter.
*889 There are virtually no town board resolutions in the record reflecting the various appointments of the trustees over the years since 1978. What developed was an informal method of reappointing trustees whose terms had expired. The record reflects that, after 1978, basically what would happen was that, as a term expired, the name of the person whose term had expired would be sent to the town board for reappointment. One of the members of petitioner’s board of trustees, Ethel Ruland, who was one of the incorporators, is in that category. No official action was taken by the town board to reappoint her, and she would merely file her oath of office with the town clerk. She had followed that practice each time her term expired, and the last time she filed her oath of office was in the beginning of 1985. Two of the other present trustees, Erin L. Feinburg and Barbara Orin, became members of the board of trustees when the terms of their predecessors expired and the predecessors no longer wished to serve. In each case, their names were recommended by the board of trustees to the town board, and the same procedure took place. Except for Erin Feinburg’s appointment in 1976, there was no formal resolution appointing them, and they would merely file their oaths of office. In the case of Mrs. Feinburg, her last oath of office was filed in January of 1986, while Barbara Orin’s, her last oath of office was filed in 1984.
The other two members of petitioner’s board, Tami P. Miller and David Coons, were appointed by the board of trustees when current members resigned during their terms. These two were appointed to fill the balance of the terms of trustees who resigned during their terms. Both of these trustees filed their oaths of office with the town clerk.
On February 12, 1986, the town board purported to appoint five new trustees for varying terms, including two of the present trustees, Ruland and Feinburg. Respondents take the position that Ruland and Feinburg are serving legitimately, but only in a de facto capacity. As to the other three trustees, respondents claim that they were never appointed by the town board and were only appointed by the board of trustees, in contravention of both the charter and Education Law § 260 (2). Respondents argue that, since these three appointments are a nullity and there are only two de facto trustees, there is not a validly constituted board of trustees. Therefore, the board has neither standing to initiate the instant proceeding nor the authority to demand all the funds, books, records and accounts relating to the library.
*890 Clearly, Education Law § 260 (2) puts the power to appoint trustees of public libraries in the appropriate municipal board —here, the town board. However, petitioner points out that Education Law § 226 (4) provides that vacancies caused for any reason shall be filled by the board of trustees of the library, unless otherwise provided by its charter. The charter in this case places the appointing power in the town board only where a vacancy is caused by the expiration of a term. Vacancies caused by any other reason are to be filled for the balance of the unexpired term by the board of trustees.
The court concludes that Education Law § 226 (4) controls. Therefore, if the predecessors to trustees Coons and Miller were properly appointed, their appointments to fill the balance of a term by the board of trustees was proper and legal.
In the court’s opinion, the issue is whether or not the informal practice adopted by the board of trustees and the town board allows the present members of petitioner’s board to be considered de jure trustees duly qualified to act as members of the board of trustees. The court concludes they are de jure members. Thus, the resolution adopted on January 13, 1986 by the board of trustees, providing in pertinent part for the transmission of a letter to the supervisor and treasurer of the town demanding that the town treasurer turn over to the library treasurer, duly elected by the board of trustees, all the funds, books, records and accounts relating to the library accounts was a properly enacted resolution. The authority to demand such funds and books is clearly set forth in Education Law § 259 (1). The letter of demand dated January 14, 1986 was a proper demand, and the proof shows that the demand was duly received by the supervisor.
The court further concludes that the action by the town board taken on February 12, 1986, wherein it purported to appoint five new trustees, including two current members of petitioner’s board, was a nullity. This holding is based on the fact that Erin Feinburg was reappointed to a five-year term when the town clerk accepted her oath of office in January of 1986. In the future, the town clerk need only reject an oath of office if there is no town board resolution appointing the affiant, and the town board may then at its first meeting after the expiration of a term appoint whomever it wishes. The court will grant so much of petitioner’s demand for relief in the first petition as pertains to the transfer of the funds, books and records to petitioner’s treasurer. The court does not have *891 before it sufficient documentation or materials to determine whether or not any funds have been illegally withheld for library purposes as allegedly claimed by petitioner. That would entail a detailed accounting of the past budgets to see how the surpluses were handled at the end of each year in terms of the next year’s budget. The record is devoid of any documentation to make a determination on that matter.
Insofar as petitioner seeks attorney’s fees pursuant to Public Officers Law article 7 (Open Meetings Law), that relief is denied. There was no violation, in the court’s opinion, of that law.
The supplemental petition seeks an assessment of damages against respondents for costs in issuing subpoenas and legal fees. The background for this request is a public hearing petitioner voted to conduct on January 29, 1986 to examine the matters of the use and control of the library funds, together with the books, records and accounts relating thereto and, in particular, with respect to the written demand of January 14, 1986 by the board of trustees. That demand requested the town supervisor and town treasurer to turn over the funds and records of the library pursuant to Education Law § 259 (1).
In conjunction with said public hearing, the trustees caused to be issued and served subpoenas duces tecum and subpoenas ad testificandum upon the supervisor and the treasurer. The court concludes that respondents are correct in their position that there is no entitlement to an assessment of damages in this case. Although there was a duly constituted board of trustees, it had no authority in law to conduct such a hearing, and therefore there was no power in it to issue such subpoenas.